UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ahmad ALKAYALI,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>LEXISNEXIS RISK SOLUTIONS, INC.,<br><br>　　　　　　　　Defendants. | Case No.: 24-cv-1713-AGS-MMP<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS (ECF 8)** |

This lawsuit's only federal claim turns on whether defendant LexisNexis Risk Solutions, Inc.'s report is a "consumer report" under the Fair Credit Reporting Act. Plaintiff has not sufficiently alleged that it is, so his FCRA claim is dismissed.

## BACKGROUND

According to the complaint, when plaintiff Ahmad Alkayali "attempted to procure a loan," the loan agency "told" him "that there are 'unspecified criminal charges'" that appeared in a report that LexisNexis generated. (ECF 1, at 6.) But Alkayali "has never been charged or convicted of any criminal offense," so he contacted LexisNexis to dispute that report. (*Id.* at 7.) LexisNexis doubled down, asserting that it was "accurate as reported," and "refused" "to correct its inaccurate and derogatory reporting." (*Id.* at 10; *see also id.* at 7.) LexisNexis also asserted that its report does "not constitute" a "consumer report[] as defined in the" FCRA, so "the laws" don't "require LexisNexis to correct or change potentially inaccurate information." (*Id.* at 8, 10.)

Alkayali sued, arguing that the report is subject to the FCRA and that LexisNexis must "correct" it. (ECF 1, at 10.) He seeks to represent a class against LexisNexis for an FCRA violation and a series of state claims. (*Id.* at 1.)

## DISCUSSION

LexisNexis moves to dismiss Alkayali's complaint for failure to state a claim. (*See generally* ECF 8.) "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *see also* Fed. R. Civ. P. 12(b)(6). Plausibility requires more than mere "conclusions" or a "formulaic recitation" of elements; it must be based on "factual allegations" that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).

**A.     Fair Credit Reporting Act**

LexisNexis argues that Alkayali's FCRA claim "fails" because he "does not plead sufficient facts to support the characterization of the" "report about him as a 'consumer report' within the meaning of the FCRA." (ECF 8-1, at 15.)

Under the FCRA, a "consumer report" is a "communication of any information" that "is used or expected to be used or collected" "as a factor in establishing the consumer's eligibility for": (1) "credit or insurance to be used primarily for personal, family, or household purposes"; (2) "employment purposes"; or (3) "any other purpose authorized under" another FCRA section, including when one company "furnishe[s]" a report to another company "which it has reason to believe" (i) "intends to use the information in connection with a credit transaction" or (ii) "otherwise has a legitimate business need for the information in connection with a business transaction that is initiated by the consumer." 15 U.S.C. § 1681a(d)(1)(A)–(C); *id.* § 1681b(a)(3)(A), (a)(3)(F)(i).

Alkayali alleges two "purposes" that, at first blush, appear to place LexisNexis's report within the bounds of the FCRA's "consumer report" definition. First, he says that he was "at the mercy of inaccurate information contained within [LexisNexis]'s consumer report" in his attempt to procure a "loan." (ECF 1, at 6, 8.) Because a loan is "a credit transaction," *see* 15 U.S.C. § 1681b(a)(3)(A), an expansive reading of the FCRA would place Alkayali's allegations within the statute's grasp. But "the mere fact that a report *could* be used as a consumer report is" "not" "enough to make it one." *Mende v. Dun & Bradstreet, Inc.*, 670 F.2d 129, 133 (9th Cir. 1982) (emphasis added). The Ninth Circuit's rejection of "expansive definition[s] of consumer credit report[s]" suggests that plaintiffs cannot merely allege that a report implicates the FCRA because it involves a "credit transaction." *See id.* "More is required." *Id.*

2

Although Alkayali's next FCRA argument provides "more" information about the transaction, it ultimately falters as well. In his opposition, Alkayali argues that the report is within the FCRA's domain because LexisNexis "provid[ed]" its "report to a lender in connection with a business transaction that was initiated by Plaintiff." (ECF 10, at 14.) True, the statute covers the furnishing of a report to a company that the defendant "has reason to believe" "has a legitimate business need for the information in connection with a business transaction that is initiated by the consumer." 15 U.S.C. § 1681b(a)(3)(F)(i). But this argument appears only in Alkayali's briefing, so it is irrelevant to this Court's analysis. "[T]he scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint[]." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

Alkayali's FCRA claim is thus dismissed. But his pleading "can possibly be cured by additional factual allegations" that properly allege an FCRA purpose, so the Court grants Alkayali leave to amend his complaint. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).

**B.     Supplemental Jurisdiction**

Given the dismissal of Alkayali's only federal claim, this Court "may decline to exercise supplemental jurisdiction" over the remaining state claims. *See* 28 U.S.C. § 1367(c). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010). So, unless plaintiff states a federal claim, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims.

## CONCLUSION

Accordingly, the Court **GRANTS IN PART** LexisNexis' motion and **DISMISSES** Alkayali's complaint with leave to amend. By August 7, 2025, Alkayali may file an amended complaint remedying the identified deficiencies.

1 | Dated: July 10, 2025

_____
Hon. Andrew G. Schopler
United States District Judge